UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMONT L. CALHOUN, | No. 2:20-cv-2209 DB P |
| Plaintiff, | |
| v. | ORDER |
| R. DELA CRUZ, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to the undersigned by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff's complaint is before the court for screening pursuant to 28 U.S.C. § 1915A(a). Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.

**I.    IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). The request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). The order will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the

Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II.   SCREENING

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court must a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

### A. ALLEGATIONS IN THE COMPLAINT

Plaintiff's complaint includes allegations of conduct that occurred at California Medical Facility in Vacaville ("CMF") and Corcoran State Prison ("CSP"). Plaintiff identifies the following defendants: R. Dela Cruz, R. Wilridge and S. Maganito, who are medical technical assistants; M. Wahome, a registered nurse; Dr. Shahzaad, a psychiatrist; and Sgt. Lawson. (ECF No. 1 at 3.)

On October 29, 2015, plaintiff learned he was being transferred from CMF to CSP. Plaintiff had a history of prior suicide attempts at CSP and believed his life would be in imminent danger if transferred. (ECF No. 3 at 3-4.) Plaintiff informed Dr. Shahzaad that plaintiff would kill himself rather than return to CSP. (ECF No. 3 at 3-4.)

Dr. Shahzaad ordered MTA Wilridge and MTA Maganito to forcibly transport plaintiff out of Dr. Shahzaad's office. As plaintiff was being escorted away, he placed his feet on the ground to prevent being transported. R. Wilridge tipped plaintiff out of his wheelchair and onto

////

the ground. After the emergency alarm was activated, plaintiff stopped resisting but refused to get up on his feet. (ECF No. 3 at 5.)

R. Dela Cruz responded to the activation of the alarm. R. Dela Cruz ran up to plaintiff, jumped on his head, and rammed his knee into plaintiff's left eye, causing pain and injuries. Plaintiff was escorted out of the room by defendant M. Wahome. (ECF No. 1 at 5-6.)

After plaintiff was transferred to CSP, Sgt. Lawson denied plaintiff's request to have a video recorded interview statement taken even though plaintiff had visible injuries to his left eye. Plaintiff eventually received medical treatment for his injuries on October 31, 2015 when he was sent to Mercy Hospital for emergency care. Plaintiff had sustained a left orbital fracture and a periorbital ecchymosis and corneal ulceration. (ECF No. 1 at 6-7.)

Plaintiff alleges defendants R. Wilridge, S. Maganito, R. Dela Cruz, M. Wahome and Dr. Shahzaad were deliberately indifferent to his serious medical needs in depriving him of medical attention for his head trauma and eye injuries and that Sgt. Lawson deprived plaintiff of his right to document pertinent material factual evidence. (ECF No. 1 at 6-7). For relief. plaintiff seeks money damages and injunctive relief. (ECF No. 1 at 8.)

**B. PLEADING REQUIREMENTS**

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court accepts as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construes the pleading in the light most favorable to the plaintiff, and resolves all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). The court will not, however, assume the truth of legal conclusions cast in the form of factual allegations. United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

////

**C. EIGHTH AMENDMENT**

The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986); U.S. Const. amend. VIII. What is needed to show unnecessary and wanton infliction of pain "varies according to the nature of the alleged constitutional violation." Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citing Whitley, 475 U.S. at 320).

**1. EXCESSIVE FORCE**

In order to establish a claim for the use of excessive force in violation of the Eighth Amendment, a plaintiff must establish that prison officials applied force maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline. Hudson, 503 U.S. at 6-7; see also Clement v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002). The relevant factors may include (1) the need for application of force, (2) the relationship between that need and the amount of force used, (3) the threat reasonably perceived by the responsible officials, and (4) any efforts made to temper the severity of a forceful response. Hudson, 503 U.S. at 7.

Plaintiff contends he was subjected to excessive force when he was forcibly escorted out of Dr. Shahzaad's office. Plaintiff alleges R. Wilridge tipped him out of his wheelchair when he put his foot down and R. Dela Cruz jumped on his head, causing injuries. Plaintiff's allegations suggest the quantum of force used by both of these defendants was disproportionate to the need for application of force. Plaintiff has stated a cognizable excessive force claim under the Eighth Amendment against defendants R. Wilridge and R. Dela Cruz.

**2. DELIBERATE INDIFFERENCE**

An Eighth Amendment deliberate indifference claim based on medical care has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997); see also Estelle v. Gamble, 429 U.S. 97, 106 (1976). A medical need is sufficiently serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104).

Plaintiff has adequately alleged he had a serious medical need after the use of force on October 29, 2015. See McGuckin, 974 F.2d at 1059-60. Plaintiff has not, however, pleaded sufficient facts to suggest any named defendant was deliberately indifferent to his serious medical needs.

Deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988). In order to be actionable, the indifference to a prisoner's medical needs must be substantial; mere indifference, negligence, or medical malpractice will not support this cause of action. See Estelle, 429 U.S. at 105-06); Whitley, 475 U.S. at 319; Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004); McGuckin, 974 F.2d at 1059.

To establish a claim of deliberate indifference arising from delay in providing care, a plaintiff must show that the delay was harmful. See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002); McGuckin, 974 F.2d at 1059. "A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

Plaintiff's conclusory allegations that defendants were deliberately indifferent in denying or delaying medical care fail to link the actions or omissions of the individual defendants to an alleged harmful delay in receiving medical care. Plaintiff sustained injuries from the use of force on October 29, 2015, but does not describe how any of the individual defendants' actions denied, delayed, or interfered with his obtaining treatment. Mere allegations that these individuals interacted with plaintiff after the use of force and conclusory labels that they were deliberately indifferent do not suffice to state a claim. Plaintiff does not allege, for example, that any defendant knew or should have known he needed medical attention or that it was obvious he needed medical attention. Plaintiff does not allege whether he requested medical attention after the use of force or at any other time. In addition, plaintiff does not allege what harm resulted from the delay, such as, for example, pain and suffering or a worse outcome when he finally received treatment.

Plaintiff alleges Dr. Shahzaad disregarded suicide protocol contained in 15 Cal. Code Regs. § 3365 and Sgt. Lawson refused to document video evidence in violation of 15 Cal. Code Regs. § 3268.1. These allegations do not suffice to state a valid claim because they are conclusory in nature and do not plausibly suggest deliberate indifference to plaintiff's serious medical needs. Violations of state prison rules and regulations do not provide an independent cause of action. See Ove v. Gwinn, 264 F.3d 817, 824 (9th Cir. 2001); Patterson v. Harrington, No. 1:12-cv-0440 MJS, 2013 WL 3212413, at *5 (E.D. Cal. June 24, 2013) (finding "no authority to support ... an implied private right of action under Title 15"; "[t]he existence of regulations governing the conduct of prison employees does not necessarily entitle an inmate to sue civilly for their violation").

In sum, although plaintiff has adequately alleged a serious medical need, the complaint does not contain sufficient factual matter to plausibly suggest any named defendant both knew of plaintiff's serious medical needs and was deliberately indifferent to plaintiff's serious medical needs. Plaintiff will have an opportunity to file an amended complaint.

### III.     LEAVE TO AMEND

Plaintiff's complaint states a cognizable Eighth Amendment claim excessive force claim against R. Wilridge and R. Dela Cruz. No other claims are cognizable as pleaded, but plaintiff will have an opportunity to file an amended complaint to the extent he believes in good faith he can plead additional cognizable claims by alleging additional facts. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Plaintiff is not required to file an amended complaint. If plaintiff is agreeable to proceeding only on the claims found herein to be cognizable, he may file a notice so informing the court. The undersigned will then recommend the remaining claims be dismissed, and the court will direct service of process as to the cognizable claims.

Alternatively, plaintiff may notify the court he wishes to stand on his complaint as it is currently filed. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064-65 (9th Cir. 2004). If plaintiff chooses this option, then the undersigned will issue findings and recommendations, after which

////

plaintiff will be granted an opportunity to file objections, and a district judge will make the decision as to which claims on which plaintiff may proceed.

If plaintiff chooses to file an amended complaint, it should be brief, and must state what each named defendant did that led to the deprivation of constitutional rights. It must allege in specific terms how each named defendant is involved. Iqbal, 556 U.S. at 676-677. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff should note that this opportunity to amend it is not for the purpose of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Instead, plaintiff should focus his efforts on curing the deficiencies set forth herein.

An amended complaint supersedes the prior complaint, see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), and must be "complete in itself without reference to the prior or superseded pleading," E.D. Local Rule 220. Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in any amended complaint, plaintiff must sufficiently allege each claim and the involvement of each defendant.

### IV. CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED:

1. Plaintiff's request for leave to proceed in forma pauperis is granted;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action as set forth by separate order;

3. The Clerk's Office shall send plaintiff a blank civil rights complaint form;

4. Within thirty days from the date of service of this order, plaintiff must:

   a. File an amended complaint curing the deficiencies identified by the court in this order, or

   b. Notify the court in writing that he does not wish to file an amended complaint and is willing to proceed only on the claims found to be cognizable in this order; or

          c.  Notify the court in writing he wishes to stand on his complaint as written; and

    5.    Plaintiff is cautioned that failure to respond to this order will result in a recommendation that this action be dismissed for failure to obey a court order and failure to prosecute.

Dated: April 8, 2021

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB7
ORDERS/Prisoner.Civil Rights/calh2209.B