UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMONT CALHOUN, | No. 2:20-cv-2209 DAD DB P |
| Plaintiff, | |
| v. | ORDER |
| DELA CRUZ, et al., | |
| Defendants. | |

Plaintiff, a state prisoner, proceeds pro se and seeks relief under 42 U.S.C. § 1983. Currently pending before the court is defendants' July 28, 2022 motion for summary judgment based upon the statute of limitations and plaintiff's alleged failure to exhaust administrative remedies. (ECF No. 48.) Also on July 28, 2022, defendants sought to stay the close of discovery which was set to close just two court days later, on August 1, 2022. (ECF No. 49.) Defendants have, most recently, requested the court to vacate the current scheduling order including the dispositive motion deadline of October 31, 2022, and, if necessary, issue a new scheduling order after the resolution of defendants' pending motion for summary judgment. (ECF No. 56.)

"[T]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 683 (1997); see also Lockyer v. Mirant Corp., 398 F.3d 1098, 1111 (9th Cir. 2005). Defendants assert that multiple factors support

vacating the current discovery and scheduling order. (See generally ECF No. 56.) First, the pending motion for summary judgment is based on the statute of limitations, and, if granted, will dispose of the entire case and eliminate the need for discovery. (Id.) Second, if summary judgment is granted based upon exhaustion, that would result in dismissal of all claims against four of the defendants. (Id.) Third, defendants state the parties were not able to finalize substantive discovery on the issues presented in the complaint and both agree that additional discovery may be necessary. (Id.) Finally, defendant asserts the expenditure of resources required to prepare and submit a dispositive motion will be needless if the court grants defendants' motion for summary judgment based upon exhaustion. (Id.)

The Supreme Court and Ninth Circuit have recognized the propriety of staying a case pending resolution of potentially dispositive issues. See Crawford-El v. Britton, 523 U.S. 574, 598 (1998). Although discovery closed on August 1, 2022, it appears the parties agree that additional discovery will be desirable if summary judgment for defendants is not granted based on the currently pending motion. (See ECF No. 49-1, Declaration of A. Corso, ¶ 2.)

Upon the court's consideration of defendants' requests and the record as a whole, IT IS HEREBY ORDERED that:

1. Defendant's motion to stay discovery (ECF No. 49) is denied as moot because discovery closed on August 1, 2022.

2. Sua sponte, the court vacates the dispositive motion deadline of October 31, 2022. The court will set a new dispositive motion deadline following resolution of defendant's pending motion for summary judgment, if appropriate. If this case proceeds after resolution of defendant's pending motion for summary judgment, then either party may move to reopen discovery at that time.

3. In light of the foregoing, defendant's motion to vacate the scheduling order (ECF No. 56) is also denied as moot.

Dated: October 31, 2022

DLB7
calh2209.36dso

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE