UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMONT L. CALHOUN,<br><br>Plaintiff,<br><br>v.<br><br>R. DELA CRUZ, et al.,<br><br>Defendants. | No. 2:20-cv-02209 DAD DB P<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, Jamont L. Calhoun, is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Defendants' motion for summary judgment is before the court. (ECF No. 48.) Defendants have also moved to strike plaintiff's sur-reply pertaining to that motion. (ECF No. 69.) In addition to opposing the motion for summary judgment, plaintiff has filed a motion to amend the complaint, a motion for extension of time to respond to the motion to strike, a motion styled as a motion to amend Local Rule 230(l), and a motion for a court order for plaintiff to file documents electronically. (ECF No. 60, 71, 72, 73.)

For the reasons set forth below, the undersigned recommends the motion for summary judgment be granted and the motion to amend be denied. The undersigned will deny the other pending motions.

////

## I. PROCEDURAL BACKGROUND

Plaintiff filed the operative first amended complaint on May 5, 2021. (ECF No. 10, "FAC".) On August 10, 2021, the court screened the amended complaint pursuant to 28 U.S.C. § 1915A and found it stated cognizable claims under the Eighth Amendment against defendants Wilridge and Dela Cruz for excessive force and against defendants Shahzaad, Wahome, Maganito, and Lawson for deliberate indifference to plaintiff's serious medical needs for the subsequent denial or delay of emergency medical treatment. (See ECF No. 11.)

On July 28, 2022, defendants moved for summary judgment under Federal Rule of Civil Procedure 56, on grounds that (1) the statute of limitations bars plaintiff's complaint and (2) plaintiff failed to exhaust administrative remedies against defendants Shahzaad, Wahome, and Lawson before filing suit. (ECF No. 48.) The motion for summary judgment is fully briefed with plaintiff's opposition and the defendants' reply. (ECF Nos. 58, 59.)

In moving to strike plaintiff's sur-reply, defendants correctly state that the filing of a sur-reply is not authorized by the Federal Rules of Civil Procedure or the Local Rules. See Fed. R. Civ. P. 12; Local Rule 230. In this instance, though, the court has considered the sur-reply in evaluating defendants' motion for summary judgment due to plaintiff's pro se status. Thus, the motion to strike the sur-reply will be denied. Plaintiff's motion for an extension of time to respond to the motion to strike will be denied as moot.

After the motion for summary judgment was fully briefed, on December 19, 2022, plaintiff moved to amend the complaint. (ECF No. 60.) Defendants opposed the motion, and plaintiff filed a reply. (ECF No. 61, 68.)

## II. SUMMARY JUDGMENT STANDARDS

Summary judgment is appropriate when the moving party shows there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In order to obtain summary judgment, "[t]he moving party initially bears the burden of proving the absence of a genuine issue of material fact." In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The moving party may accomplish this by "citing to particular parts of materials in the record,

including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admission, interrogatory answers, or other materials" or by showing that such materials "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A), (B).

"Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case." Oracle Corp., 627 F.3d at 387 (citing Celotex, 477 U.S. at 325); see also Fed. R. Civ. P. 56(c)(1)(B). Summary judgment should be entered "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(c)(1); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact "that might affect the outcome of the suit under the governing law," Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," Anderson, 447 U.S. at 248.

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "'the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at

trial.'" T.W. Elec. Serv., 809 F.2d at 630 (quoting First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968)). Thus, the "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Matsushita, 475 U.S. at 587 (citation and internal quotation marks omitted).

"In evaluating the evidence to determine whether there is a genuine issue of fact, [the court] draw[s] all inferences supported by the evidence in favor of the non-moving party." Walls v. Central Contra Costa Transit Auth., 653 F.3d 963, 966 (9th Cir. 2011) (citation omitted). It is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. Richards v. Nielsen Freight Lines, 810 F.2d 898, 902 (9th Cir. 1987). To demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586 (citations omitted). There is no genuine issue for trial where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. Id. at 587.

**III. RELEVANT FACTS**

Plaintiff is serving a life sentence without the possibility of parole. (ECF No. 48-6, Statement of Undisputed Facts (SUF), SUF 1.)

The events alleged in the first amended complaint occurred on October 29, 2015, at CMF-Vacaville, and on October 30, 2015, at California State Prison, Corcoran (CSP-C). (ECF No. 10, FAC, at pp. 1 & 9.)[1]

On October 29, 2015, Dr. Shahzaad ordered plaintiff to be transferred from CMF-V to CSP-C. (ECF No. 48-6, SUF 2; ECF No. 58, Plaintiff's Response to Defendants' Statement of Undisputed Facts ("Plaintiff's Response"), at p. 3.) While plaintiff was being escorted out of Dr. Shahzaad's office, two Medical Technical Assistants (MTAs) assaulted him. (ECF No. 58 at p. 4-5.)

According to plaintiff's sworn statement, defendant Wilridge ejected him from his wheelchair and then plaintiff was hit and beaten while he was on the ground. (ECF No. 10 at 6,

---

[1] The court references the page numbers assigned by CM/ECF where different from the document's original pagination.

4

FAC, at p. 6.) Defendant Dela Cruz rammed a knee into plaintiff's left eye for no apparent reason and knocked plaintiff out. (ECF No. 58, Plaintiff's Response, at pp. 5, 7.) Plaintiff was put back in the wheelchair and MTAs continued to beat and choke him. (Id. at 6.) Defendants Shahzaad, Wahome, and Maganito did not respond to plaintiff's requests for help even though he clearly needed emergency medical care. (ECF No. 10, FAC, at pp. 6-7.)

Plaintiff was in and out of consciousness during parts of the assault and his subsequent transfer by van. (Id. at 6-7.) Plaintiff arrived at CSPC in the early morning hours on October 30, 2015. (ECF No. 58, Plaintiff's Response, at pp. 7, 13.)

On October 30, 2015, at CSPC, plaintiff met with defendant Lawson. (ECF No. 48-6, SUF 4.) According to plaintiff, Lawson ignored plaintiff's medical needs and requests even though it was obvious plaintiff needed emergency medical care. (ECF No. 58, Plaintiff's Response, at pp. 15-16.)

On November 15, 2015, plaintiff filed a grievance, designated grievance Log No. CMF-DSH-15-09. (See ECF No. 48-4 at pp. 13-14, Grievance.) In grievance Log No. CMF-DSH-15-09, plaintiff stated, among other information, that defendant Dela Cruz had assaulted him on October 29, 2015, after which he was denied emergency medical care at CMF-V and CSP-C. (See ECF No. 48-4 at pp. 13-14, Grievance.) This was the only grievance plaintiff submitted related to the events alleged in the first amended complaint. (See ECF No. 48-4, Plaintiff's Discovery Responses, at pp. 10-11 & 82.)

By letter dated December 3, 2015, plaintiff was given notice that grievance Log No. CMF-DSH-15-09 was being forwarded to the Department of State Hospital (DSH) for processing because it contained a staff complaint regarding a DSH staff member. By December 12, 2017, plaintiff received notice of the final administrative exhaustion of grievance Log No. CMF-DSH-15-091 from DSH. (ECF No. 48-4, Plaintiff's Discovery Responses, at p. 82, Response to Request for Admissions; ECF No. 58, Plaintiff's Response, at p. 56.)

Plaintiff initiated this action on October 25, 2020. (See ECF No. 1 at 8.)[2]

---

[2] The court will apply the prison mailbox rule. See Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (mailbox rule applies to § 1983 suits filed by pro se prisoners). For purposes of this

## IV. DISCUSSION

### A. Statute of Limitations

#### 1. Legal Standards

Because 42 U.S.C. § 1983 does not contain its own statute of limitations, the court applies the forum state's limitations period for personal injury claims. TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999). In California, the limitations period is two years. Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004) (citing Cal. Code Civ. Proc. § 335.1). The court applies "the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." Id.[3] "[T]he applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process." Brown v. Valoff, 422 F.3d 926, 943 (9th Cir. 2005) (citations omitted).

"Under California law, a plaintiff must meet three conditions to equitably toll a statute of limitations: (1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct must have been reasonable and in good faith." Fink v. Shedler, 192 F.3d 911, 916 (9th Cir. 1999), as amended on denial of reh'g and reh'g en banc (Dec. 13, 1999) (quotation marks and citation omitted). "The burden of alleging facts that give rise to tolling falls upon the plaintiff." Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir. 1993) (citations omitted).

"Although state law determines the length of the limitations period, federal law determines when a civil rights claim accrues." Azer v. Connell, 306 F.3d 930, 936 (internal quotation marks omitted). "Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." TwoRivers, 174 F.3d at 991.

////

////

---

motion, the court will assume plaintiff tendered the initial complaint to the clerk on October 25, 2020. (See ECF No. 1 at 8.)

[3] Not applicable here, the limitations period is statutorily tolled for an additional two years for prisoners serving less than a life sentence. Cal. Civ. Proc. Code § 352.1(a); Johnson v. State of California, 207 F.3d 650, 654 (9th Cir. 2000).

**2. Discussion**

Defendants assert plaintiff's claims accrued when he received the final administrative grievance dated September 28, 2017. Absent additional tolling, defendants argue, his claims expired two years later, on September 28, 2019. (ECF No. 48-1 at 5-6.) Plaintiff initiated this action after that date, on October 25, 2020. (See ECF No. 1 at 8.)

In opposition to the motion for summary judgment, plaintiff argues he did not receive the final administrative grievance document on September 28, 2017, as defendants claim, but rather, on or about December 12, 2017. (ECF No. 58 at 56.) Assuming for purposes of this motion that plaintiff's claims did not accrue until he received the final administrative grievance document on December 12, 2017, that additional period of tolling does not make this action timely. If the mandatory exhaustion process completed on December 12, 2017, then the statute of limitations expired on December 12, 2019. Plaintiff did not initiate this action until October 25, 2020. (See ECF No. 1 at 8.)

Plaintiff also argues he has stated facts that constitute a basis for equitable tolling. (ECF No. 67 at 2.) Specifically, plaintiff states he was prevented from filing other grievances due to not knowing staff names. (ECF No. 58 at 67.) Plaintiff also states he was thwarted and blocked by prison staff from filing grievances and appeals. (ECF No. 58 at 54.)

Plaintiff's allegations about being unable to pursue other appeals are conclusory and do not demonstrate that he acted "reasonably and in good faith to bring his claims in a timely manner[.]" Fink, 192 F.3d at 916. Moreover, plaintiff does not explain how being prevented from filing additional grievances prevented him from timely filing suit on the claims he successfully exhausted through the grievance process. The burden of alleging facts that would give rise to tolling falls upon the plaintiff. Hinton, 5 F.3d at 395. Plaintiff does not meet this burden.

Plaintiff's claims accrued on December 12, 2017, and the statute of limitations expired no later than December 12, 2019. Since this action was not initiated until on October 25, 2020, it is barred by the applicable statute of limitations.

////

////

7

**B. Motion to Amend**

    **1. Legal Standards**

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course within (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a). Otherwise, a party may amend its pleading only with the opposing party's written consent or the court's leave, and the court should freely give leave when justice so requires. Id. Here, plaintiff requires leave of court to file a second amended complaint.

When evaluating a motion to amend under Rule 15, the court considers: (1) whether there has been undue delay, bad faith, or dilatory motive on the part of the moving party; (2) whether there have been repeated failures to cure deficiencies by previous amendments; (3) whether there has been undue prejudice to the opposing party "by virtue of the allowance of the amendment"; and (4) whether amendment would be futile. Sharkey v. O'Neal, 778 F.3d 767, 774 (9th Cir. 2015) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). Although prejudice to the opposing party "carries the greatest weight[,]... a strong showing of any of the remaining Foman factors" can justify the denial of leave to amend. See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam).

    **2. Discussion**

Plaintiff states he seeks to amend the complaint to change the format or language of the current allegations. (ECF No. 58 at 4.) Plaintiff also seeks to file an amended complaint because he has additional appeals in the final exhaustion process. (ECF No. 68 at 2.) In that regard, plaintiff seeks to add new claims against the current defendants as well as new claims against new defendants. (ECF No. 60 at 3; ECF No. 58 at 14.)

Defendants oppose the motion to amend, in part, based on plaintiff's failure to submit the proposed second amended complaint. (ECF No. 61 at 2.) Defendants also argue the court should deny the motion as inappropriate at this procedural juncture and because of prejudice to the defendants. (Id. at 2-4.)

The instant motion for leave to file a second amended complaint is untimely filed more than fifteen months after the first amended complaint was filed. The parties have already incurred the costs of discovery, which is closed. Defendants' motion for summary judgment is fully briefed, and, if granted as is recommended herein, will dispose of all claims. See Schlacter-Jones v. General Tel., 936 F.2d 435, 443 (9th Cir. 1991) ("A motion for leave to amend is not a vehicle to circumvent summary judgment.") Plaintiff has unduly delayed seeking to amend without providing adequate explanation for the delay. The addition of new claims and defendants would significantly alter the basis of the action to the extent they involve different acts, locations, parties, and time periods, necessitating additional discovery. Granting leave to amend at this juncture would constitute significant prejudice to defendants. For all these reasons, the motion to amend should be denied.

**C. Other Pending Motions**

Plaintiff's other motions before the court are styled as (1) a motion to amend Local Rule 230(l) to provide for 60 days response time to motions; and (2) a motion to order to the law librarian to assist plaintiff to file electronically. (ECF No. 72, 73.) Neither motion seeks relief that can be granted.

Local Rule 133(b)(2) provides that any person appearing pro se may not utilize electronic filing except with the permission of the assigned Judge or Magistrate Judge. Plaintiff has not shown good cause to utilize electronic filing.

**VI. CONCLUSION, ORDER, AND RECOMMENDATION**

As this action is barred by the statute of limitations, the court need not reach defendants' alternate argument that plaintiff failed to exhaust administrative remedies as to the claims against some of the defendants. In accordance with the above, IT IS ORDERED:

1. Defendants' motion to strike (ECF No. 69) is DENIED.
2. Plaintiff's motion for extension of time to respond to the motion to strike (ECF No. 71) is DENIED as moot.
3. Plaintiff's motion to amend Local Rule 230(l) (ECF No. 72) is DENIED.
4. Plaintiff's motion for order to utilize electronic filing (ECF No. 73) is DENIED.

In addition, IT IS RECOMMENDED:

1. Defendants' motion for summary judgment (ECF No. 48) be GRANTED.

2. Plaintiff's motion to amend (ECF No. 60) be DENIED.

3. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 4, 2023

DLB7
calh2209.msj

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE