UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMONT L. CALHOUN,<br><br>Plaintiff,<br><br>v.<br><br>R. DELA CRUZ, et al.,<br><br>Defendants. | No. 2:20-cv-02209-DAD-DB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION TO AMEND<br><br>(Doc. Nos. 48, 60, 74) |

Plaintiff Jamont L. Calhoun is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 4, 2023, the assigned magistrate judge issued findings and recommendations, recommending that defendants' motion for summary judgment (Doc. No. 48) be granted and that plaintiff's motion to amend his complaint be denied. (Doc. No. 60.) The magistrate judge so recommended because the undisputed evidence before the court on summary judgment established that plaintiff's claims are barred by the applicable two-year statute of limitations.[1] (Doc. No. 74 at 7.) The magistrate judge also concluded that plaintiff had failed to allege any

---

[1] Specifically, the magistrate judge concluded that even under the most favorable view to plaintiff, the statute of limitations as to his asserted claims expired on December 12, 2019, and yet he did not initiate this action until October 25, 2020, more than ten months after expiration of the statute of limitations. (Doc. No. 74 at 5, 7.)

1

facts that would entitle him to equitable tolling of the applicable statute of limitations. (*Id.*) The findings and recommendations were served on all parties and contained notice that any objections thereto were to be filed within thirty (30) days of service. (*Id.* at 10.) After being granted three extensions of time in which to do so (*see* Doc. Nos. 77, 79, 81), plaintiff finally filed timely objections to the pending findings and recommendation which the court received on July 17, 2023. (Doc. No. 82.) Defendants have filed no response to plaintiff's objections and the time to do so has passed.

Plaintiff's objections are both lengthy and, at least in part, somewhat difficult to decipher. (Doc. No. 82 at 1–52.) As best the court can determine, plaintiff primarily objects to the pending findings and recommendations on the following grounds. Plaintiff first argues that the statute of limitations does not apply to this action due to fraud and trespass on the part of correctional officers. (*Id*. at 1–3.) Specifically, plaintiff's asserts that his sister arranged to have an attorney from Atlanta visit him in prison to assist him with this case, but when the attorney arrived at Kern Valley State Prison (KVSP) he was falsely told by corrections officers that plaintiff had refused the visit, when in fact plaintiff was never told the attorney was there to meet with him. (*Id*.) Plaintiff claims he did not learn of the attorney's failed attempt to visit him until plaintiff was transferred to Salinas Valley State Prison (SVSP) and the same attorney "**did in fact come and work on the lawsuit**." (*Id*. at 2) (emphasis added).[2] Plaintiff also generally refers in his affidavit

---

[2] It is unclear from his objections, affidavit, and exhibits when plaintiff met with the attorney at SVSP and allegedly learned of the attorney's attempt to visit him at KVSP. Plaintiff's objections read as if he met with the attorney at SVSP in August 2018, just a few months after the failed visit. (Doc. No. 82 at 2.) However, in his affidavit plaintiff states he met with the attorney on October 4, 2019, at which time they discussed the filing of the lawsuit and he gave the attorney "my file and documents." (*Id*. at 8.) Plaintiff's sister also declares that the Atlanta attorney spoke of a possible visit to plaintiff in August 2018, but suggests that visit was cancelled. (*Id*. at 11; *see also id*. at 34–35.) In any event, it makes no difference whether plaintiff successfully met with the attorney from Atlanta in August 2018 or October 2019, because either date was prior to the expiration of the statute of limitations on December 12, 2019. Plaintiff did not initiate this action until October 25, 2020, more than ten months thereafter. In addition, the docket in this case reflects that the attorney from Atlanta did not file this action on plaintiff's behalf and never appeared in this case. Indeed, based upon the exhibits attached to his objections, plaintiff's sister, and presumably plaintiff himself, believed that the statute of limitations was to expire on September 28, 2019, even earlier than the date determined by the magistrate judge and over a year before the complaint in this case was filed. (*Id.* at 37, 45, 46.)

2

attached to his objections that he was transferred both from unit to unit within prisons as well as between different prisons on several occasions between March 2016 and August 2019. (*Id*. at 4–10.) Plaintiff also repeatedly states in conclusory fashion that throughout this period of time he was "denied access to my legal materials." (*Id*.)

Nothing in plaintiff's objections calls into question the thorough analysis set forth in the pending findings and recommendation or provides any basis upon which they should be rejected. Plaintiff's objections appear to focus solely on whether he is entitled to the tolling of the two-year statute of limitations applicable to his claims asserted in this action. As the magistrate judge correctly pointed out, plaintiff bears the burden of proof in arguing for equitable tolling and must present facts establishing that he was prevented from timely filing this civil action after successfully exhausting his administrative remedies. (Doc. No. 74 at 7) (citing *Hinton v. Pac. Enters*., 5 F.3d 391, 395 (9th Cir. 1993)); *see also In re Capital Options*, 719 Fed. Appx. 609, 612 (9th Cir. 2018).[3] Plaintiff has simply failed to allege any specific facts as to his exercise of diligence or circumstances beyond his control that prevented him from timely filing his complaint in this action. Plaintiff has therefore failed to meet his burden in this regard.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and proper analysis.

Accordingly,

1. The findings and recommendations issued on April 4, 2023 (Doc. No. 74) are adopted in full;

2. Defendants' motion for summary judgment (Doc. No. 48) is granted;

3. Plaintiff's motion to amend his complaint (Doc. No. 60) is denied; and

/////

/////

---

[3] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36–3(b).

4. The Clerk of the Court is directed to enter judgment in favor of defendants and close this case.

IT IS SO ORDERED.

Dated: **August 23, 2023**

                                                             UNITED STATES DISTRICT JUDGE